# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                 No. 16-CV-01032-JAP-SMV
                                                                                No. 11-CR-01881-JAP

PATRICIA SMITH,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Court, *sua sponte* under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, considers Defendant Patricia Smith's pro se Motion To Correct Sentence Pursuant to Federal Rule of Criminal Procedure Title 28 USCS 2241 and 28 USCS 2255 (a) (b) (c) Federal Custody Remedies on Attacking Sentence New Amended United States Sentence Commission Guidelines Range "Amendment 794" 3B1.2 (§ 2255 Motion), filed on September 16, 2016. [CV Doc. 1; CR Doc. 76] Because Defendant's § 2255 Motion is second or successive and filed without authorization from the United States Court of Appeals for the Tenth Circuit, the Court will dismiss Defendant's § 2255 Motion for lack of jurisdiction, deny a certificate of appealability, and enter final judgment.

**I.    BACKGROUND**

Defendant was charged by Information with conspiracy to possess with intent to distribute 280 grams and more of a mixture and substance containing a detectable amount of cocaine base, contrary to 21 U.S.C. §§ 841(a), 841(b)(1)(A), in violation of 21 U.S.C. § 846. [CR Doc. 28] On

July 13, 2011, Defendant entered a guilty plea under a plea agreement. [CR Docs. 34, 35] The Court accepted Defendant's guilty plea and the plea agreement and sentenced Defendant to 121 months of imprisonment in the custody of the Bureau of Prisons and five years of supervised release.[1] [CR Docs. 45, 47] The Court entered judgment on Defendant's conviction and sentence on January 23, 2012. [CR Doc. 47] Defendant did not file a notice of appeal.

On January 8, 2013, Defendant filed a Motion To Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CR Doc. 58], alleging that: (1) she improperly received a two-point enhancement on her sentence due to possession of a firearm; (2) her attorney rendered ineffective assistance of counsel; (3) she is eligible for a reduction of her sentence under the Fair Sentencing Act (FSA); and (4) she is eligible for a reduction of her sentence because she cooperated with the drug task force. [CR Doc. 58] The Magistrate Judge entered Proposed Findings and Recommended Disposition recommending that Defendant's § 2255 motion be denied and dismissed with prejudice. [CR Doc. 64] On July 17, 2013, the Court adopted the Magistrate Judge's Proposed Findings and Recommended Disposition, dismissed Defendant's § 2255 motion with prejudice, and entered final judgment. [CR Docs. 65, 66]

On September 16, 2016, Defendant filed the present § 2255 Motion, which seeks a sentence reduction under Amendment 794 of the United States Sentencing Guidelines (U.S.S.G.). Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 to provide "additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." *See United States Sentencing Guidelines Manual*, Supplement to Appendix C, Amend. 794 (2016). Specifically, the amendment "provides a non-exhaustive list of factors for the court to consider in

---

[1] On November 2, 2016, Defendant's sentence was reduced to 120 months of imprisonment in accordance with 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 782 of the United States Sentencing Guidelines [CR Docs. 81, 82]

2

determining whether an adjustment applies and, if so, the amount of the adjustment." *Id.* In consideration of these factors, Defendant asks the Court to reduce her sentence. [CV Doc 1 at 4; CR Doc. 76 at 4]

## II. DISCUSSION

### A. *Defendant's Second or Successive § 2255 Motion Will Be Dismissed For Lack of Jurisdiction*

The present § 2255 Motion is second or successive and Defendant has not received permission from the United States Court of Appeals for the Tenth Circuit to file a second or successive § 2255 motion. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h). A district court may, however, "transfer the matter to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631." *In re Cline,* 531 F.3d at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251. However, "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h).

Amendment 794 to the United States Sentencing Guidelines is not "newly discovered evidence" nor is it "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." § 2255(h); *see Coleman v. United States*, No. 16-CV-000860-WJ-SMV, 2016 WL 7665509, at *2 (D.N.M. December 7, 2016) (dismissing a second or successive § 2255 motion for lack of jurisdiction because "[n]either the United States Supreme Court nor any federal appellate court has held that Amendment 794 is retroactively applicable on collateral review under 28 U.S.C. § 2255"); *United States v. Lee*, No. 16-CV-2700-KHV, 2016 WL 6217154, at *2 (D. Kan. October 25, 2016) (dismissing a second or successive § 2255 motion for lack of jurisdiction because "defendant relies solely on an amendment to the Sentencing Guidelines" and "Defendant has not asserted 'newly discovered evidence' or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable"). Defendant's second or successive § 2255 Motion lacks merit and, therefore, the Court concludes that it is not in the interest of justice to transfer this matter to the United States Court of Appeals for the Tenth Circuit. Accordingly, Defendant's § 2255 Motion will be dismissed for lack of jurisdiction.

B.  *Defendant's Second or Successive § 2255 Motion Will Not Be Recharacterized as a § 3582 Motion*

Having determined that the Court lacks jurisdiction over Defendant's second or successive § 2255 Motion, the Court next will consider whether to recharacterize Defendant's § 2255 Motion

as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Under § 3582(c)(2), a district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

According to the United States Sentencing Commission, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2)" unless the amendment is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(2)(A). Amendment 794, which altered the commentary to § 3B1.2 regarding application of the mitigating role adjustment, is not listed under § 1B1.10(d) and, therefore, cannot be applied retroactively to reduce a defendant's sentence under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(d); *see also United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993) (holding that, if an amendment to the U.S.S.G. is not listed as a retroactive amendment under § 1B1.10(d), then it "cannot be applied retroactively and it may not serve as a basis on which to reduce [a defendant's] sentence" under § 3582) (per curiam); *United States v. Fouse*, No. 13-CR-0108-001-CVE, 2016 WL 4516066, at *2 (N.D. Oklahoma August 29, 2016) ("Amendment 794 is not listed in the amendments covered by the policy statement, therefore, the Amendment cannot be applied

5

retroactively and it may not serve as the basis on which to reduce defendant's sentence" under § 3582(c)(2)).  Because sentencing relief is not available to Defendant under § 3582(c)(2), the Court declines to recharacterize Defendant's second or successive § 2255 Motion as a § 3582 motion.

*C.*     *A Certificate of Appealability Will Be Denied*

The Court determines, under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that she has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Therefore, the Court will deny a certificate of appealability.

**III.   CONCLUSION**

The Court concludes that Defendant's second or successive § 2255 Motion lacks merit and, therefore, the motion will be dismissed for lack of jurisdiction, a certificate of appealability will be denied, and Final Judgment will be entered.

**IT IS ORDERED** that Defendant's § 2255 Motion [CV Doc. 1; CR Doc. 76] will be **DISMISSED** for lack of jurisdiction; a certificate of appealability is **DENIED**; and Final Judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE